**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCESCA O., | Case No.:  25-cv-00311-DMS-MSB |
| Plaintiff,[1] | **ORDER GRANTING JOINT MOTION FOR ATTORNEY FEES** |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Pending before the Court is the Parties' Joint Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("Joint Motion").  (Mot., ECF No. 22).  For the following reasons, the Joint Motion is granted.

On February 11, 2025, Plaintiff filed this action against the Commissioner of Social Security, seeking review of the denial of her applications for disability insurance benefits and supplemental security income benefits.  (ECF No. 1).  On September 8, 2025, the Parties filed a Joint Motion to Remand to the Social Security Administration.  (ECF No. 18).  On September 25, 2025, the Court granted the motion, reversing and remanding the case to the Commissioner of Social Security for further administrative proceedings.  (ECF

---

[1] Pursuant to Civil Local Rule 7.1(e)(6)(b), "[o]pinions by the Court in [Social Security cases under 42 U.S.C. § 405(g)] will refer to any non-government parties by using only their first name and last initial."

Nos. 19, 20); *see* 42 U.S.C. § 405(g).  On December 23, 2025, the Parties filed the present Joint Motion, seeking $9,200.00 in fees under the EAJA, 28 U.S.C. § 2412(d), and $405.00 in costs pursuant to 28 U.S.C. § 2412(a) and 28 U.S.C. § 1920.  (Mot. 2).

Under the EAJA, "a court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  § 2412(d)(1)(A).  A party seeking such an award must file an application with the court within thirty days of final judgment in the action.  § 2412(d)(1)(B).  Any fees awarded must be reasonable and courts have "substantial discretion" in fixing that reasonable amount.  *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990).  Here, Plaintiff qualifies as a prevailing party as she "[won] a sentence-four remand order" under § 405(g).  *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).  Furthermore, the Commissioner does not argue that the United States' position was substantially justified or that any special circumstances make an award unjust.  The Parties' Joint Motion was timely, having been filed within thirty days of the judgment becoming final and not appealable.  *See* § 2412(d)(1)(B), (d)(2)(G); Fed. R. App. P. 4(a)(1)(B).  Plaintiff is therefore entitled to an award of reasonable attorney fees and costs.  As the requested award reflects the Parties' negotiated agreement, the Court finds it to be reasonable.  Accordingly, the Court **GRANTS** the Joint Motion and **AWARDS** $9,200.00 in attorney fees and $405.00 in costs to Plaintiff.  This award is subject to offset to satisfy any preexisting debt that Plaintiff owes to the United States.

**IT IS SO ORDERED.**

Dated:  June 25, 2026

_____
Hon. Dana M. Sabraw
United States District Judge